IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHAN and ADRIANE FRAME, ) | |
| individually and as next friends and natural ) | |
| parents of KF, a minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-2442-JWL |
| ) | |
| SALINA REGIONAL HEALTH CENTER, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

I.   Introduction

This is a medical malpractice case.  The plaintiffs, Nathan and Adriane Frame, individually and as next friends and natural parents of KF, a minor, allege the defendants, Salina Regional Health Center, Inc. ("SRHC") and David Prendergast, M.D., were negligent in their care and treatment of Adriane Frame, their monitoring of Mrs. Frame's labor, and the delivery of KF.  This case is now before the court on plaintiffs' motion to strike defendants' identifications of comparative fault **(doc. 61)**.  Dr. Prendergast and SRHC have filed separate responses to plaintiffs' motion (docs. 64 & 65).  No timely reply brief has been filed by plaintiffs.

II.  Background

On September 14, 2007, plaintiffs filed their complaint in this case, alleging Dr. Prendergast "was negligent in his care and treatment of plaintiff Adriane Frame" (doc. 1, at 3).  Plaintiffs also alleged SRHC, "through the actions of its nursing staff, through its failure to adequately train and supervise said staff, and through its failure to have appropriate policies and procedures in place to ensure timely and effective communication was negligent in the management and monitoring of the labor of plaintiff Adriane Frame and the delivery of KF."  *Id*.  Plaintiffs contend defendants' negligence caused KF to sustain a profound, permanent injury to her brain and central nervous system.

On October 19, 2007, Dr. Prendergast filed his answer to the complaint, alleging he "did not depart from the applicable standard of care for an obstetrician under the facts and circumstances of this case" and, in pertinent part, that "[t]he doctrine of comparative fault *may be* applicable to this action" (doc. 9, at 1-2) (emphasis added).  On October 22, 2007, through separate counsel, SRHC filed its answer, "den[ying] that it was negligent in its medical treatment of Plaintiff Adriane Frame and her daughter, KF. . . or that it caused or contributed to cause any of Plaintiffs' or KF's claimed injuries or other damages" (doc. 12, at 1).  Under the heading of "Affirmative Defenses and/or Matters of Avoidance," SRHC further alleged in its answer that, "[i]f Plaintiffs and/or KF were injured or damaged, which is specifically denied, then the negligence of others for whom [SRHC] is not responsible, caused or contributed to cause any such alleged injury or damage and Plaintiffs' and KF's

recovery, if any against [SRHC], should be barred or reduced in proportion to the negligence of others for whom [SRHC] is not responsible." *Id*. at 2.

On February 20, 2008, after conferring with the parties' attorneys, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered a scheduling order (doc. 49). In pertinent part, the scheduling order required "any party asserting comparative fault [to] identify all persons or entities whose fault is to be compared" by April 4, 2008. *Id*. at 9. The scheduling order also required any motions to amend the pleadings be filed by April 11, 2008.

On April 4, 2008, each of the defendants filed separate identifications of comparative fault. SRHC stated: "Based upon the law of Kansas and plaintiffs' allegations of fault against co-defendant [Dr. Prendergast], defendant [SRHC] adopts plaintiffs' allegations as to [Dr. Prendergast] and any fault assigned to [SRHC] should be compared with [Dr. Prendergast] accordingly" (doc. 59, at 1). Nearly identically, Dr. Prendergast stated: "Based upon the law of Kansas, the facts known at this time and plaintiffs' allegations of fault against co-defendant [SRHC], defendant [Dr. Prendergast] adopts plaintiffs' allegations as to [SRHC] and any fault assigned to [Dr. Prendergast] should be compared with co-defendant [SRHC] accordingly" (doc. 60, at 1).

Plaintiffs filed the instant motion on April 17, 2008, asserting that defendants' designations were "inadequate, intentionally vague, and non-committal," and that defendants

were engaged in impermissible "fence-straddling" (doc. 61, at 1).[1] Conspicuously, plaintiffs

---

[1] More specifically, plaintiffs argued:

> The defendants' respective identifications of comparative fault do not inform the Court or plaintiffs whether defendants are *asserting* allegations of fault against each other, but only that they want fault compared based on plaintiffs' allegations and proof. What is defendants' position vis-à-vis each other? This fence-straddling is part of a strategy commonly employed by defendants, particularly in medical malpractice cases in Kansas, in which they want the benefits and advantages of comparative fault, they want to take advantage of plaintiffs' evidence against a co-defendant if the jury should assign a percentage of fault, but they do not ever want to say that they believe a co-defendant is at fault.
>
> All defendants can always invoke comparative fault for a comparison of the conduct of the parties in the case when the plaintiffs are making the affirmative claims but that is far different from making an affirmative allegation of fault.
>
> A defendant's decision not to make affirmative allegations of fault is a strategic one with many substantive and procedural implications: (1) A defendant seeking to reduce its percentage of fault by comparing the fault of another person, be it a co-defendant or non-party, has the burden of proving the person's fault by a preponderance of the evidence, *Brown v. Kiell*, 224 Kan. 195, 580 P.2d 867 (1978); *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766, 667 P.2d 289 (1983); (2) If affirmative allegations of fault are made against co-defendants, a plaintiff should be able to inform the jury of the defendant's true position in that regard; (3) A plaintiff must rely on a defendant's affirmative allegations of fault, or lack thereof, against co-defendants in determining trial strategy, in evaluating the case for settlement, and making settlement decisions; and (4) Cross allegations of fault among defendants bear on the number of peremptory challenges allowed to the parties. If there is a good faith controversy among defendants, that is significant; but here one cannot tell. 28 U.S.C.A. § 1870.
>
> Eventually, there might be an opportunity to settle this case with less than all defendants. If defendants are not making any affirmative allegations

(continued...)

cited no legal authority even remotely on point in support of the requested relief.

On April 29, 2008, each of the defendants responded to plaintiffs' motion.  Like plaintiffs, defendants failed to cite any supporting legal authority.  Both defendants essentially argued that under the facts presented there was nothing improper about their comparative fault designations (*see* docs. 64 & 65).[2]

---

[1](...continued)
against each other, but are solely relying upon the plaintiffs' allegations (without affirmatively joining in the allegations in good faith) and plaintiffs then settle with one of the defendants thereby withdrawing their allegations of fault against that defendant, the remaining defendant should not, at that point, be permitted to make affirmative allegations against a co-defendant, when it chose not to do so before.

Doc. 61, at 1-3.

[2] For example, Dr. Prendergast's response argued:

Plaintiffs place emphasis on the Court's use of the word "asserting" and argue that defendants are "fence-straddling" on the comparative fault issue as it relates to co-defendant.  Plaintiffs are wrong, and Dr. Prendergast has fully complied with Court's Scheduling Order.

The Scheduling Order does not require Dr. Prendergast to "*assert allegations* of fault against [co-defendants]," as plaintiffs imply. Instead, it requires any party "*asserting comparative fault*" to identify the person whose fault should be compared.  Dr. Prendergast has done so in compliance with the Court's order.

Even assuming plaintiffs are correct and that the Scheduling Order requires Dr. Prendergast to assert what his position is with respect to co-defendant, Dr. Prendergast has still complied.  Between his formal identification of comparative fault and his responses to plaintiffs' first set of interrogatories, Dr. Prendergast unambiguously identified *who* he alleges to be comparatively at fault and *what* his allegations are.

(continued...)

On June 6, 2008, because this appears to be a potentially high dollar medical malpractice case, and because of the absence of any authority being cited by either side, the undersigned ordered the parties to submit a joint e-mail to chambers regarding the usefulness of conducting an oral argument on the instant motion (doc. 75). The court also invited the parties to provide the court some authority on the issues presented. *Id*. Unfortunately, despite the passage of nearly three weeks now, the parties' excellent legal counsel have not submitted an e-mail regarding oral argument. Nor have they provided the court any on-point authority for their respective positions.

### III.   Analysis and Discussion

Both federal and state courts in Kansas have recognized and referred to comparative fault as an affirmative defense.[3] Thus, according to Fed. R. Civ. P. 8(c), comparative fault

---

[2](...continued)
  When asked to identify *who* Dr. Prendergast "*contend[s] was at fault*..." Dr. Prendergast named Salina Regional Health Center, Inc. (See Exhibit "B," Dr. Prendergast's responses to plaintiffs' first set of interrogatories, response No. 1) (Emphasis added). With respect to *what* specific allegations Dr. Prendergast is asserting, he "adopts plaintiff's allegations... as to Salina Regional Health Center, Inc..." (Exhibit "A"). Who better to know what allegations were adopted from the plaintiffs – than the plaintiffs?

Doc. 64, at 2.

[3] *See, e.g.*, *Cuiksa v. Hallmark Hall of Fame Prods., Inc.*, No. 00-1389, 2004 WL 303553, at *3 (D. Kan. Jan. 26, 2004) (citing *Wooderson v. Ortho Pharm. Corp.*, 681 P.2d 1038, 1058-59 (Kan. 1984)); *Resolution Trust Corp. v. Thomas*, No. 92-2084, 1993 WL 501116, at *5 (D. Kan. Nov. 18, 1993); *cf. McGraw v. Sanders Co. Plumbing & Heating*, 667 P.2d 289, 296 (Kan. 1983) (finding a defendant wishing to have his fault compared has the burden to plead and prove his claims by a preponderance of the evidence).

must be affirmatively pleaded.[4]

Affirmative defenses are subject to the notice pleading requirements of Fed. R. Civ. P. 8(a).[5]  To meet Rule 8(a)'s notice requirements, a party wishing to assert an affirmative defense must "set forth a short and plain statement of the nature of the defense.  This includes a short and plain statement of the facts."[6]  This requirement is consistent with the basic purpose of Rule 8(c): "putting [the] plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance."[7]

The undersigned finds defendants have failed to properly plead comparative fault.  Neither SRHC nor Dr. Prendergast has set forth a short and plain statement of the facts supporting the asserted defense.  As earlier indicated, in Dr. Prendergast's answer, he only states that "comparative fault *may be* applicable."  The court recognizes SRHC was more specific in its answer, alleging if KF was injured it was due to "the negligence of others for whom [SRHC] is not responsible."  SRHC, however, failed to specifically name those other parties or include a short and plain statement of the supporting facts.

In their recently filed comparative fault identifications, SRHC and Dr. Prendergast

---

[4] *Radio Corp. of Am. v. Radio Station KYFM, Inc.*, 424 F.2d 14, 17 (10th Cir. 1970).

[5] *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006) (quoting *Resolution Trust Corp.*, 1993 WL 501116, at *5).

[6] *Id.*

[7] *Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1406 (10th Cir. 1988) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F. 2d 405, 410 (10th Cir. 1984)).

both state they want to adopt plaintiffs' allegations as to the co-defendant and any fault assigned to them should be compared with the co-defendant accordingly. Although arguably these designations technically comply with the language in paragraph 4(a) of the scheduling order, they do not contain a short and plain statement of the supporting facts, even by incorporating by reference any specific facts previously asserted by plaintiffs in the complaint or as set forth in the reports of plaintiffs' retained expert witnesses. Therefore, defendants' comparative fault identifications do little if anything to cure their failure to properly plead comparative fault as an affirmative defense in the answers.

If an affirmative defense is not properly pleaded in accordance with Rule 8 pleading requirements, asserted with a motion under Fed. R. Civ. P. 12(b), or tried by the express or implied consent of the parties, the defense may be deemed to have been waived such that it is no longer a triable issue.[8] However, if a party has attempted to raise the defense in some way, it has been the practice of this district to give him leave to amend his answer so that it may be in compliance with Rule 8(a) notice pleading requirements.[9] Furthermore, the Tenth Circuit has advised that leave to amend should be denied only in cases where the party failed to cure when allowed previous amendments or where allowing an amendment would unduly prejudice the opposing party, cause undue delay, or reward the bad faith or dilatory motives

---

[8] *Radio Corp. of Am.*, 424 F.2d at 17.

[9] *See, e.g.*, *Sprint Commc'ns Co.*, 233 F.R.D. at 619; *Resolution Trust Corp.*, 1993 WL 501116, at *5.

of the party wishing to plead the defense.[10]  For this reason, although the April 11, 2008 deadline for moving to amend the pleadings passed more than two months ago, it is only appropriate that defendants be given leave to amend their answers for the very limited purpose of properly pleading comparative fault.  That should not prove too difficult or remarkable.

Because *none* of the parties evidently have deemed it important enough to submit any detailed briefing, the undersigned declines to definitively rule in a vacuum on what ultimately appears to be the much more important legal issue presented here.  That is, all three parties have ignored Fed. R. Civ. P. 8(d)(2), (3), which expressly contemplates alternative, inconsistent, and even hypothetical statements of a party's claims and defenses.

The court infers from plaintiffs' motion that, although presumably they have experts lined up to try to prove the fault of both defendants, they wish to preserve their leeway at trial to attribute all fault to only one defendant if a good pretrial settlement can be reached with one of the defendants.  That is, as earlier indicated, plaintiffs state they reserve the right to settle with one defendant and "withdraw" their allegations of fault against that party.  Strategically and tactically, this is perfectly understandable, as it would serve to maximize plaintiffs' potential recovery because of the way in which Kansas comparative judgments are

---

[10] *Sprint Commc'ns Co.*, 233 F.R.D. at 619 (quoting *Duncan v. Manager, Dep't of Safety, Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

fashioned.[11]

Similarly, the court infers that defendants, should they both proceed to trial, ideally would prefer to maintain the unified position that neither was at fault. Here again, at least strategically and tactically, this is perfectly understandable. That is, as a general proposition, finger-pointing between or among defendants in a tort case creates a real and present danger of simply helping establish the plaintiff's case-in-chief. Further, given the way in which Kansas comparative judgments are fashioned, should only one of the two defendants in the case at bar remain at trial, the court assumes that, regardless of whether that is SRHC or Dr. Prendergast, said defendant would like the jury to hear the evidence (consisting of expert reports under Fed. R. Civ. P. 26(a)(2), deposition testimony under Fed. R. Civ. P. 30, or otherwise) that plaintiffs have developed during the discovery phase of the case about the alleged fault of the defendant who settled. Of course, whether the non-settling defendant actually would be able to present such evidence in a competent, complete, or persuasive manner is far from certain.

Regardless of the competing strategic and tactical considerations involved here, in terms of whether *any* of the three parties should be completely "locked-in" to their current position on fault, that is, to the exclusion of any other slightly refined position at trial, the court is reminded of the familiar quotation that what is sauce for the goose is sauce for the gander. Stated differently, at least based on the sparse record presented, unless plaintiffs are

---

[11] *See* K.S.A. § 60-258a(b).

completely foreclosed from withdrawing their current allegation that both defendants are at fault, then it seems plaintiffs' assertion that defendants are "fence-straddling" is wholly unpersuasive.

Clearly, both sides are trying to hedge their bets, defendants just a little more than plaintiffs. Assuming defendants clean up the largely technical defects in their pleading of comparative fault, at least given the parties' collective non-briefing of the real issue presented, until further notice the undersigned is guided by the presumption that the jury should be entitled to hear all relevant evidence unless it is clearly demonstrated to be inadmissible on some independent legal basis. Therefore, the undersigned would be disinclined to prevent either of the defendants from relying on plaintiffs' specifications of fault. But this ruling on plaintiffs' sparse motion to strike is *not* intended to presume what summary judgment ruling or pretrial limine ruling could or should be made on a better developed record by the presiding U.S. District Judge, Hon. John W. Lungstrum.

IV.  Order

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiffs' motion to strike defendants' identifications of comparative fault **(doc. 61)** is granted.

2. Defendants are granted leave of court to amend their answers. Said pleadings shall be filed within 11 days of the filing of this order.

Dated this 25th day of June, 2008, at Kansas City, Kansas.

                                              <u>s/James P. O'Hara</u>
                                              James P. O'Hara
                                              U.S. Magistrate Judge