**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NATHAN FRAME AND ADRIANE
FRAME, individually and as Next Friends
and Natural Parents of KF,

      Plaintiffs,

      v.                                      Case No.  07-2442-JWL

SALINA REGIONAL HEALTH CENTER,
INC.,
      and

DAVID PRENDERGAST, M.D.

      Defendants.

**MEMORANDUM AND ORDER**

This case arises from Plaintiffs' allegations of negligence by Defendants and their employees during the labor of Adriane Frame and delivery of minor child KF.  When Plaintiffs filed their lawsuit, they designated Kansas City, Kansas, as the place of trial. Defendant SRHC also designated the place of trial as Kansas City.  Dr. Prendergast designated the place of trial as Wichita.  This case now comes before the court on Dr. Prendergast's Motion to Determine Place of Trial (doc. #51).  For the reasons explained below, this motion is denied.

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of

trial." In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a). *See Benson v. Hawker Beechcraft Corp.*, Case No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007) (citing cases).[1] That statute provides in pertinent part as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." § 1404(a). This statute affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court should consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

---

[1] Section 1404(a) is inapplicable to intra-district transfers on its face because Kansas constitutes only one judicial district and division. The statute does provide, however, that the "district court may order any civil action to be tried at any place within the division in which it is pending." § 1404(c).

*Chrysler Credit Corp.*, 928 F.2d at 1516. The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Dr. Prendergast seeks to transfer this case to Wichita on the grounds that it would be a more convenient location for trial for both defendants and the witnesses. Dr. Prendergast explains that as to the defendants, both of whom have principal places of business in Salina, the distance between Salina and Wichita is 92 miles while the distance between Salina and Kansas City is 174 miles. As to the witnesses, Dr. Prendergast points to the Rule 26 disclosures that contain lists of potential witnesses. Of Plaintiffs' twenty-five potential witnesses, Dr. Prendergast explains, "four are from the Kansas City area, five are from the Salina area, three are from Wichita, and nine are from the District of Columbia/state of Virginia area." (doc. 52, at 4) SRHC lists sixteen witnesses, and two are not from Salina; of those two, one is a doctor from Wichita and another is a nurse who relocated from Salina to the Kansas City area. Additionally, KF's "immediate relevant subsequent care" is alleged to have occurred first in Salina and then in Wichita at Wesley Medical Center. KF also received treatment at Children's Mercy in Kansas City, but Dr. Prendergast points out that in plaintiffs' Rule 26 disclosures they list only Children's Mercy Hospital rather than any specific individuals. Last, Dr. Prendergast also points out that the other relevant factor is the convenience of the court. He explains that while the assigned judge and his staff are in Kansas City, this motion was filed soon enough that this case could be transferred intra district from Kansas City to Wichita rather than the undersigned traveling to Wichita.

3

In Plaintiffs' response in opposition to the motion, they contend that the convenience-of-defendants factor does not weigh in Dr. Prendergast's favor because SRHC has itself requested that the trial be held in Kansas City.  Plaintiffs first point out that the SRHC's liability in this case turns primarily on the actions of two nurses, one who lives in Hillboro, Kansas, which is closer to Wichita, and the other who lives in Olathe, Kansas, just outside Kansas City.  Plaintiffs suggest that it would be inappropriate for the Court to reject SRHC's place of trial designation based on Dr. Prendergast's assertion as to what is convenient for SRHC's personnel.   Plaintiffs further explain that the trial will involve witnesses from Florida, where they now reside, the Kansas City area, and the Salina area.  Moreover, there will likely be experts from all over the country.  Thus, plaintiffs contend that their choice and SRHC's choice for trial should be left to stand.

Turning first to the plaintiffs' choice of forum, the plaintiff's choice of forum is ordinarily given considerable weight.  *Scheidt*, 956 F.2d at 965.  Defendants, however, point out that the plaintiffs do not reside in or around Kansas City.  Specifically, the Frames reside in Florida.  Defendants correctly point out that when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates.  *See Benson*, 2007 WL 1834010, at *2; *see also Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC*, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005) ("Although the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not its residence, it is given much less weight in ruling on a discretionary transfer motion."); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3848, at 129-34 (3d

ed. 2007) (observing that many courts give less deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). Plaintiffs acknowledge this, but point out that they prefer for the trial to take place in Kansas City. This mere preference, however, is insufficient to warrant a significant level of deference to their chosen forum. Given the plaintiffs' lack of any residential connection to Kansas City, then, the court finds that this factor does not weigh in favor of either party.

The parties' more predominant focus is on the convenience of defendants and witnesses based both on the witnesses' current location and the location of KF's care related to the allegations. After careful consideration of the parties' respective positions, the Court believes that Dr. Prendergast has not met his burden of establishing that a trial in Kansas City would be inconvenient, on balance, for the entire body of parties and witnesses in this case. Most telling is that while Dr. Prendergast claims it will be more convenient for SRHC and its witnesses to have the trial in Wichita, SRHC chose to designate the place of trial in Kansas City, not Wichita. Also, as to the witnesses, while some witnesses may reside closer to Wichita than Kansas City, such as Dr. Prendergast and other SRHC personnel, others reside closer to Kansas City, such as Children's Mercy personnel. The Court is unconvinced by Dr. Prendergast's observation that Plaintiffs did not point out specific witnesses from Children's Mercy because Dr. Prendergast stated only that the witnesses from SRHC and Wesley Medical center were "potential" witnesses. Dr. Prendergast does not state the extent to which such testimony is believed to be needed. Therefore, the court is uncertain which of any of these witnesses, either from Plaintiffs' or Defendants' Rule 26 disclosures, will be

necessary. *See, e.g., Curtis 1000, Inc. V. Pierce*, 1994 WL 478744 (D. Kan. Aug. 25, 1994) ("[T]he court is not certain which witnesses will actually be necessary. . . . [W]hile transfer of the case to Wichita would suit some witnesses, it would be inconvenient for other witnesses. Therefore, the court does not believe this, or any other reason presented by defendants, is a sufficiently compelling reason to grant defendants' motion."). The court also is unpersuaded by the notion that because the "immediate" care took place in Salina and Wichita, Wichita is a more convenient forum; this is particularly true when KF also was cared for at Children's Mercy Hospital in Kansas City. In view of the circumstances surrounding the variety of geographic locations of witnesses and the uncertainty as to which witnesses actually will be needed, then, Dr. Prendergast has not persuaded the Court that this factor weighs in favor of a trial in Wichita.

In sum, the court finds that Dr. Prendergast has not presented reasoning or a record that is sufficient to establish that a trial in Kansas City would be so inconvenient that the interests of justice would be best served by transferring this case to Wichita. Although a transfer to Wichita would be more convenient for Dr. Prendergast and some witnesses involved in the case, it is equally clear that a trial in Kansas City would be more convenient for others. Accordingly, Dr. Prendergast's motion to transfer this case to Wichita for trial is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Dr. Prendergast's Motion to Determine Place of Trial (doc. #51) is **DENIED**.

**IT IS SO ORDERED** this 26th day of August, 2008.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge